IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2189-FL

| | | |
|---|---|---|
| ROBERT LEE GOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRYAN WELLS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. The matter comes before the court on respondent's motion to dismiss (DE 8) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On January 29, 1996, petitioner, in the New Hanover County Superior Court, petitioner pleaded guilty to second-degree murder, and was sentenced to life in prison. (Pet. (DE 1) at 1). Petitioner did not appeal. (Id. at 2).

On July 24, 2013, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the New Hanover County Superior Court, which was denied on August 21, 2013. (Resp't. Ex. 4 (DE 9-5)). Petitioner subsequently filed a petition for a writ of certiorari in the North Carolina Court of

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Appeals, which was denied on October 21, 2013. (Resp't. Ex. 7 (DE 9-8)). On December 18, 2013, the North Carolina Supreme Court dismissed petitioner's petition for discretionary review. (Resp't. Ex. 9 (DE 9-10). Next, petitioner filed a petition for writ of mandamus in the North Carolina Court of Appeals, which was denied on June 29, 2016. (Pet'r. Ex. (DE 1-1) at 2).

On July 13, 2016,[2] petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed the instant motion to dismiss on March 23, 2017, and petitioner has responded (DE 11).

## DISCUSSION

A.   Motion to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

---

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated July 13, 2016, but filed on August 1, 2016, to be filed on July 13, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557). Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights. Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

  2. Analysis

Respondent argues that petitioner's § 2254 petition is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. Taylor, 186 F.3d at 560–61. The period between the time a petitioner's conviction becomes final and the time a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The statutory period then resumes after the state highest state court denies post-conviction relief to a petitioner. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2000); Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Here, because petitioner did not seek direct review in the North Carolina Court of Appeals, his conviction became final when the 14 day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). Therefore, petitioner's conviction became final on February 12, 1996. Because petitioner's conviction became final prior to April 24, 1996, the effective date of AEDPA's enactment, in the absence of any intervening circumstances, petitioner had up to and including April 24, 1997, in which to file the instant petition. Harris, 209 F.3d at 328 (noting that for pre-AEDPA convictions, one-year limitations period runs from AEDPA's effective date); see Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000); Brown v. Angelone, 150 F.3 370, 375 (4th Cir. 1998) (same). Thus, petitioner's

4

one-year period of limitations began to run on April 24, 1996, and ran for 365 days until April 24, 1997. See, e.g., Minter, 230 F.3d at 665. Petitioner's subsequently filed state post-conviction filings do not operate to toll the running of the statutory period. See Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a subsequently filed motion or petition for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). The instant petition was not filed until July 13, 2016 and is more than 19 years out of time. Accordingly, absent equitable tolling, the instant petition must be dismissed as untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland, 560 U.S. at 655. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quotations omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir.), cert. denied, 549 U.S. 1122 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Petitioner does not allege circumstances sufficient to warrant equitable tolling. Specifically, petitioner addresses the untimeliness of his petition on its face as follows[3]:

> Because none of my custodians have provided law library or para-legal to assist me with complaints challenging my sentence.

(Pet. (DE 1) at 13).

These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); see also, Garvin v. Eagleton, C.A. No. 8:12–1165–JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."), appeal dismissed, 544 F. App'x 236 (4th Cir. 2013); Jenkins v. Johnson, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citation omitted). Even if these circumstances did warrant equitable tolling, the instant petition is more than 19 years out of time. Thus, petitioner has failed to establish that he has pursued his rights diligently. Therefore, petitioner is not entitled to equitable tolling.

In the alternative, petitioner's claims fail on the merits. The relief sought by petitioner is his immediate parole. (Pet. (DE 1) at 2). There is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb.

---

[3] Petitioner did not address the timeliness of his motion in his response to respondent's motion to dismiss.

Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Even if a parole statute creates a liberty interest, an inmate is entitled to only "minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). The Fourth Circuit has held it is sufficient for the parole authorities to furnish the prisoner with a statement of reasons for the denial of parole. Id.; see also Wilson v. Mann, 5:08–CT–3053–BO, 2009 WL 9073078, at *2 (E.D.N.C. Aug. 25, 2009), aff'd, 361 F. App'x 496 (4th Cir. 2010). A federal court must not involve itself in "the merits of either the state's parole statute or its individual parole decisions." Vann, 73 F.3d at 522. To the extent petitioner contends that the policies and procedures adopted by the North Carolina Parole Commission violate his right to due process, a civil rights complaint, rather than a habeas petition, is the proper vehicle for such a claim. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (ruling a challenge to state procedures denying parole could be brought under § 1983, because plaintiff would be entitled, at most, to a new parole hearing, not a reduced sentence); see also Brown v. Johnson, 169 F. App'x. 155, 157 (4th Cir. 2006) (unpublished) (noting that prisoner challenges to parole guidelines should proceed under § 1983); Overman v. Beck, 186 F. App'x. 337, 338 (4th Cir. 2006) (unpublished) (Section 1983 is the appropriate cause of action for inmate challenges to "policies and procedures applicable to their parole reviews, [but] not the denial of parole itself"); Tibbs v. Meehan, No. CV JKB-15-3214, 2016 WL 2770517, at *1 (D. Md. May 12, 2016). For these reasons, respondent's motion to dismiss petitioner's claims is GRANTED.

B.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

7

dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " Buck v. Davis, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further.  Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 8) is GRANTED.  The certificate of appealability is DENIED.  The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 19th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge